# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1945V**
(not to be published)

LIANA ASBURY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 4, 2022

Special Processing Unit (SPU); Attorney's Fees and Costs

*Emily Beth Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 23, 2019, Liana Asbury filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration after receiving the influenza vaccine on November 7, 2017. (Petition at 1). On December 8, 2021 a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 38).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 27, 2022 (ECF No. 43), requesting a total award of $24,556.54 (representing $23,555.50 in fees and $1,001.04 in costs). Petitioner also requests $929.00 in fees incurred by Petitioner's former counsel, Lawrence R. Cohan. (*Id.* at 1). Further, Petitioner requests $3,234.00 in fees incurred by Petitioner's former counsel, Gregory S. Spizer. (*Id.* at 1). Additionally, Petitioner requests $2,052.00 in fees incurred by Petitioner's former counsel, Miriam Barish. (*Id.* at 2). Lastly, Petitioner requests $646.50 in fees incurred by Petitioner's former counsel, David J. Carney. (*Id.* at 2). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 43-3). Respondent reacted to the motion on June 10, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of <u>$31,418.04</u>[3] as follows:**

- **A lump sum of $24,556.54, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Emily B. Ashe and;**

- **A lump sum of $929.00, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Lawrence R. Cohan and;**

- **A lump sum of $3,234.00, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Gregory S. Spizer and;**

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $2,052.00, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Miriam Barish and;**

- **A lump sum of $646.50, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, David J. Carney.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.